UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEVIN W. STANBERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-1477 |
| | ) | |
| WORLD WAY, INC., IVAN ENEV, and HIRERIGHT, LLC., | ) ) | |
| | ) | |
| Defendants. | ) | |

# ORDER AND OPINION

Now before the Court is Plaintiff's Motion (Doc. 15) to Vacate the Court's November 21, 2017 Order granting unopposed Motions to Dismiss by Defendants Enev (Doc. 10) and World Way, Inc. (Doc. 11). For the reasons set forth below, Plaintiff's Motion (Doc. 15) to Vacate is GRANTED, Defendants Enev and World Way are REINSTATED, and this action is REMANDED to the Circuit Court for the Tenth Judicial Circuit in Peoria County, Illinois for further proceedings.

## BACKGROUND

On September 11, 2017, Plaintiff, Kevin Stanberry, commenced this action against Defendants World Way, Inc. ("World Way"), World Way's president, Ivan Enev, and HireRight, LLC ("HireRight") in the Circuit Court for the Tenth Judicial Circuit in Peoria County, Illinois. See Doc. 1-1. Plaintiff's Complaint contains four counts. Counts one through three assert state law claims of defamation, defamation per se, and tortious interference with prospective business relationship against World Way and Enev. Count four asserted a claim against HireRight for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. On October 25, 2017, Defendant HireRight removed the case to the United States District Court for the Central District of Illinois under this Court's federal question jurisdiction. See 28 U.S.C. §§ 1331, 1441.

1

On November 1, 2017, Defendants Enev and World Way filed Motions to Dismiss (Docs. 10, 11) under Federal Rule of Civil Procedure 12(b)(6). On November 21, 2017, the Court granted Defendants' motions because Plaintiff failed to file a response and the time for doing so had passed. See Local Rule 7.1(B)(2) ("If no response is timely filed, the presiding judge will presume there is no opposition to the motion and may rule without further notice to the parties."). The next day, Plaintiff filed responses to the motions (Docs. 12, 13), and on December 1, 2017, Plaintiff filed a Motion to Vacate (Doc. 15) the Court's November 21, 2017 Order granting Defendants' motions, to which Defendants Evev and World Way responded. Doc. 19. On December 19, 2017, Plaintiff and Defendant HireRight filed a Stipulation of Dismissal informing the Court that Plaintiff had dismissed all claims against HireRight with prejudice. Doc. 20.

**LEGAL STANDARD**

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for … mistake, inadvertence, surprise, or excusable neglect…." Fed. R. Civ. P. 60(b)(1). "[T]here is not a "hard and fast" rule in this circuit which bars a trial judge from exercising discretion to determine whether attorney negligence in missing a filing deadline may be deemed "excusable neglect." *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 361 (7th Cir. 1997). Accordingly, "trial judges are vested with discretion when determining whether an attorney's neglect in missing a deadline is "excusable" for purposes of Rule 60(b)(1)." *Id.* at 363.

**DISCUSSION**

*(1) Plaintiff has Demonstrated Excusable Neglect*

" 'Excusable neglect' can include omissions through carelessness and mistake." *Robb*, 122 F.3d at 357. "The determination of what sorts of neglect will be considered 'excusable' is an

equitable one, taking account of all relevant circumstances." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 381 (1993). These circumstances include "the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. at 395.

Here, Plaintiff's counsel has represented in his Motion to Vacate that the failure to timely file a response to the Motions to Dismiss by Defendants Enev and World Way was the result of neglect and the untimely departure of a former attorney of counsel's law firm. Taking into account the circumstances identified *supra*, the Court finds that counsel's neglect should be excused. Defendants Enev and World Way will not be prejudiced by having their Motions to Dismiss determined on the merits, this Court's timely resolution of the issue minimizes any delay, and there is no indication that Plaintiff's counsel has acted in bad faith. Accordingly, the Motion to Vacate is granted, and Defendants Enev and World Way are reinstated.

*(2) The Court Declines to Exercise Supplemental Jurisdiction Over the Remaining Claims*

Title 28 of the United States Code, Section 1367 provides:

**(a)** Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution …
**(c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
  **(1)** the claim raises a novel or complex issue of State law,
  **(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
  **(3)** the district court has dismissed all claims over which it has original jurisdiction, or
  **(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367. Here, the sole claim giving rise to this Court's federal question jurisdiction was Plaintiff's claim against HireRight under the FCRA. Thereafter, Plaintiff and Defendant HireRight filed a Stipulation of Dismissal informing the Court that Plaintiff had dismissed all claims against HireRight with prejudice. Doc. 20. The three remaining counts in Plaintiff's Complaint assert state law claims of defamation, defamation per se, and tortious interference with prospective business relationship against World Way and Enev. In other words, "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Thus, the Court finds that declining to exercise jurisdiction over the remaining state law claims is proper, and remands this action to the Circuit Court for the Tenth Judicial Circuit in Peoria County, Illinois for further proceedings. See *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640–41 (2009).

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion (Doc. 15) to Vacate is GRANTED, Defendants Enev and World Way are REINSTATED, and this action is REMANDED to the Circuit Court for the Tenth Judicial Circuit in Peoria County, Illinois for further proceedings.

This matter is now terminated.

Signed on this 4th day of January, 2018.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge